**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**MAR 31 1997**

**PATRICK FISHER**
**Clerk**

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

---

VERNON PETER ORR,

      Plaintiff-Appellant,

v.

BRIGHAM YOUNG UNIVERSITY,
a Utah non-profit corporation,

      Defendant-Appellee.

No.  96-4015
(D.C. No. 91-CV-1170)
(D. Utah)

---

ORDER AND JUDGMENT[*]

---

Before BRORBY and KELLY, Circuit Judges, and CAUTHRON,[**] District Judge.

---

After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument.  See Fed. R. App. P. 34(f) and 10th Cir. R. 34.1.9.

---

[*]    This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel.  The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

[**]    Honorable Robin J. Cauthron, District Judge, United States District Court for the Western District of Oklahoma, sitting by designation.

Appellant Vernon Peter Orr appeals from the district court's orders granting summary judgment for Appellee Brigham Young University (BYU) on his complaint, and granting BYU's motion in limine. We affirm.

Orr's complaint alleged that BYU football coaching staff and athletic trainers failed to provide adequate medical care for a series of back injury episodes he suffered while playing college football for BYU. He claimed that BYU's coaching staff placed enormous pressure on him to continue playing while he was hurt, which further exacerbated his injuries. Orr advanced several theories for holding BYU liable for his back injuries. He theorized that BYU owed a duty of care to him based on a special relationship created by his status as a student athlete at BYU; that BYU's conduct created a situation in which playing him would cause him harm, thus imposing on BYU an affirmative duty to protect him from injury; that BYU allowed its trainers to practice medicine without a license; and that BYU breached its duty of care to him in its diagnosis and treatment of his medical injuries.

The district court granted summary judgment for BYU on all but the last of these theories. Orr then proceeded with a medical negligence claim against BYU until shortly before trial, when his medical expert declined to proceed further on his behalf and Orr could not find another expert willing to testify for him. Orr's counsel thereafter suggested to counsel for BYU that he file a motion for

dismissal. Orr did not object to the motion for dismissal, and the district court granted the motion, with prejudice.

I.

BYU has filed a motion to dismiss this appeal for lack of jurisdiction. It asserts that Orr consented to dismissal of his complaint, and has therefore waived his right to appeal. See Mock v. T.G.&Y. Stores Co., 971 F.2d 522, 526 (10th Cir. 1992) (party ordinarily may not appeal from consent judgment). Orr responds that although he did not oppose BYU's motion to dismiss the malpractice claim, he never waived his right to proceed with an appeal concerning his other claims.

We agree with Orr's position. The invited dismissal was entirely consistent with an appeal concerning his other claims. Orr needed a final order to bring his appeal. He is not appealing the dismissal of the malpractice claim, which was dismissed with prejudice and cannot be refiled. Finality concerns are satisfied, and the appeal can proceed. See 15A Charles A. Wright, Arthur R. Miller & Edward H. Cooper, Federal Practice and Procedure § 3914.8 (1992). The motion to dismiss is denied, as is BYU's motion for costs and damages under Fed. R. App. P. 38.

II.

"We review the grant or denial of summary judgment de novo, applying the same standard used by the district court under Fed. R. Civ. P. 56(c)." Ingels v. Thiokol Corp., 42 F.3d 616, 620 (10th Cir. 1994). Summary judgment is appropriate if "there is no genuine issue as to any material fact and . . . the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c).

Orr first contends that the district court erred in finding that, under Utah law, BYU owed him no special or affirmative duty of care. He asserts that BYU had a special duty to him to protect his physical well-being by not "playing" him, where playing football would exacerbate his back injury. The issue of whether a duty exists under Utah law is a question of law to be determined by the court. See Hunsaker v. State, 870 P.2d 893, 897 (Utah 1993). Utah follows the rule stated in Restatement (Second) of Torts § 314A, imposing on a party an affirmative duty to act for the welfare or benefit of another only when a special relationship exists between the parties. See Beach v. University of Utah, 726 P.2d 413, 415 (Utah 1986).

In Beach, the Utah Supreme Court held that a university has an educational, rather than custodial, relationship with its adult students, and therefore owes them no special duty of care. See id. at 417-19. Orr argues, however, that BYU owes a special duty to its student-athletes, above and beyond that owed to students generally.

-5-

We have found no Utah case recognizing a special relationship between a university or college and its student-athletes. Utah follows a policy-based approach in determining whether a special relationship exists. See Higgins v. Salt Lake County, 855 P.2d 231, 237 (Utah 1993). Under Utah law,

> [d]etermining whether one party has an affirmative duty to protect another . . . requires a careful consideration of the consequences for the parties and society at large. If the duty is realistically incapable of performance, or if it is fundamentally at odds with the nature of the parties' relationship, we should be loath to term that relationship "special" and to impose a resulting "duty."

Beach, 726 P.2d at 418.

The rule Orr contends for would result in a broad, nearly unprecedented[1] expansion of duty under § 314A for Utah's colleges and universities. At present, the boundaries of Utah law are defined by the Beach case, which rejected the claim that colleges and universities owe a special duty to their adult students, even when the students are participating in university-sponsored activities. As a federal court, we are reticent to expand state law in the absence of clear guidance from Utah's highest court, or at least a strong and well-reasoned trend among

---

[1]    Orr has cited, and we have found, only one case from any jurisdiction which has directly recognized the duty he advocates. See Kleinknecht v. Gettysburg College, 989 F.2d 1360 (3d Cir. 1993) (predicting result under Pennsylvania law). Kleinknecht relied on cases developed in the realm of high school athletics, finding that the college's active recruitment of the student-athlete balanced out the lack of custodial relationship between the student-athlete and the college. See id. at 1367 n.5. We find no indication that the Utah Supreme Court would follow Kleinknecht.

other courts which Utah might find persuasive, in favor of such expansion. See Taylor v. Phelan, 9 F.3d 882, 887 (10th Cir. 1993) (declining to expand concept of special relationship between police and citizens beyond bounds created by Kansas courts); see also Great Central Ins. Co. v. Insurance Services Office, Inc., 74 F.3d 778, 786 (7th Cir. 1996) (innovations in the law are better sought in state court than in federal court). We find no indication, either in the Utah courts or in a trend developing elsewhere, that the Utah courts would impose a duty on BYU based on a special relationship, under these circumstances. The district court properly granted summary judgment on Orr's claim that BYU breached a duty created by a special relationship between himself and BYU.

Orr also argues, relying on Restatement (Second) of Torts § 323 (1965), that BYU owed him an affirmative duty of care because it undertook to render services necessary for his protection. We agree with the district court that Orr's § 323 claim merely asserts a claim of medical negligence, which is barred by the voluntary dismissal of his medical negligence claim. Moreover, to the extent Orr received any other "services" besides medical care from BYU, there is no evidence that Utah would adopt the expansive view of § 323, contended for by Orr, in this context.

III.

Because we affirm the district court's grant of summary judgment on Orr's underlying, non-dismissed claims, we also, a fortiori, affirm the dismissal of the claim for punitive damages. See Utah Code Ann. § 78-18-1(a). Furthermore, Orr's claim regarding BYU's motion in limine is moot.

IV.

BYU's motion to dismiss the appeal is DENIED. The judgment of the United States District Court for the District of Utah is AFFIRMED.

Entered for the Court

Paul J. Kelly, Jr.
Circuit Judge